DANIEL HACKLER *v.* RILEY NICHOLSON.

[Abstract Kentucky Law Reporter, Vol. 5—851, 860.]

**Estoppel.**

In an application to set aside a sale of real estate because a necessary party was not before the court when it is shown that such party or his heirs have accepted the greater part of the money coming to them under such sale, and the application is made many years after the payment of such money, such applicant will be held to be estopped to maintain such action.

**Jurisdiction of Appeal.**

The Court of Appeals has no jurisdiction of an appeal where there is only $37 involved.

APPEAL FROM WHITLEY CIRCUIT COURT.

April 26, 1884.

OPINION BY JUDGE PRYOR:

While the warning order was blank as to the day on which the nonresident was notified to answer, and may be defective for that reason, it appears from the pleadings that the land was sold in June, 1865, and deeds of conveyance ordered to be made retaining

liens for the purchase-money. The lien notes were made payable to the administrator and he had no right to collect them without an order of court directing the payment. The action under which the land was sold was filed away in the year 1871 with leave to reinstate on the docket. This action was not instituted until the year 1878, and then by only one of the nonresidents or his representative, claiming that no title passed to the purchaser (appellee) to the land as the nonresident was not before the court. It is alleged in the answer of the purchaser that the sale was ratified by the father of the appellant by receiving $200 of the purchase-money, and by an amended answer it is further alleged that appellant's father after the sale received $200 of the purchase-price. This made it incumbent on the appellee to show the payment, except for the reply of the appellant admitting the payment of that sum. The appellant denies that his decedent ratified the sale made by the commissioner to Nicholson by receiving $200 of the money realized from the sale of the lands. An admission was made upon the record that this much of the proceeds of the sale had been paid and denying that it was a ratification of the purchase by the appellee.

After the lapse of twelve years with the purchaser in possession and the ancestor of the appellant before the court, endeavoring to make the administrator pay the money and receiving almost his entire share of the distributable fund, his representative is seeking to avoid the sale by reason of a defective service that he maintains was void as to those he represents. This might answer the purpose of a recovery but for the subsequent appearance of the appellant's intestate and the reception of all but $37 of his part of the proceeds of sale. He knew of the pendency of the suit and was represented by a corresponding attorney and subsequently by an attorney in fact, or under an employment, who succeeded in obtaining the purchase-money except the small balance of $37. Jacob Hackler was in court in the old action in the year 1868 asking the court to require the administrator to bring the money into court, and he or those representing him will not be allowed at this late day to say that he was not a party to the action. The rule against the administrator was continued from time to time and finally the action was filed away and never reinstated or heard of so far as the purchaser was concerned until the present action instituted in the year 1878. The ancestor of appellant had only a claim according to his

own showing of $37 against the purchaser. He had no cause of action for the recovery of the land. He had been paid $200 of his portion of the proceeds, and the only question this court could reverse on, even if the court below had erred, is as to the refusal to allow appellant the small balance due him. This court has no jurisdiction of an appeal of such a small sum, and the appellant will not be allowed to obtain a reversal because he had the right to be heard in this court in regard to the claim for the land, when that branch of the case must be affirmed. In other words the only cause of action shown by the record, if any, was the right to recover the $37. The appeal is dismissed for want of jurisdiction on that branch of the case, and *affirmed* in so far as the judgment denies a recovery of the land.

*Hill & Johnson, for appellant.*
*John Smith, for appellee.*